## O'Donnell, Appellant. *v,* Vandersaal.

*Deed—Mortgage—Defeasance—Act of June* 8, 1881, *P. L.* 84.

     Under the Act of June 8, 1881, P. L. 84, a deed absolute upon its face cannot be reduced to a mortgage, unless a defeasance is made at the time the deed is made, and is in writing, signed, sealed, acknowledged and delivered by the grantee in the deed to the grantor, and recorded in the recorder's office within sixty days from its execution.   A grantee in such a deed cannot be declared in equity a trustee ex maleficio, where no fraud is charged.

Argued Nov. 1, 1905.   Appeal, No. 163, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1905, No. 63, dismissing bill in equity in case of John H. O'Donnell v. S. W. Vandersaal and Homer L. Castle.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for a reconveyance of real estate.

The bill alleged that the plaintiff was the owner of a certain lot of ground in the city of Pittsburg, upon which he had in course of erection an apartment house; that he was indebted to certain contractors, represented by Homer L. Castle, one of the defendants, as attorney, and was also indebted to S. W. Vandersaal, the other defendant, for certain loans. That in April, 1904, he agreed to convey the land in question to Mr. Castle, upon an agreement that he was to hold it as trustee, to secure the payment of creditors he represented; and that he was to complete the building.   That afterwards he entered into an agreement in writing (exhibit " A," of the bill), with Castle and Vandersaal, which agreement recites that Castle holds the legal title to the land, that the plaintiff, O'Donnell, has an equitable interest in it, and that Vandersaal holds a mortgage on it, and by which it is agreed that Castle shall borrow $45,000 on the land, and with the proceeds pay the creditors for whom he was trustee, and a portion to Vandersaal; and that thereupon Castle should convey the land to Vandersaal, subject to the mortgage, and that Vandersaal should give to Castle a mortgage, the proceeds of which were to be divided between the parties represented by Castle and Vandersaal, and that the rents should be equally divided between Vandersaal and Castle, and that the plaintiff might purchase the property subject to the two mortgages above mentioned, at any time within eight months from the date of the article, upon paying to them, and each of them, all their claims.

The agreement designated as exhibit " A " was as follows :

" Homer L. Castle holds the title to a piece of ground in the nineteenth ward of the city of Pittsburg, state of Pennsylvania, consisting of lot No. 73 and part of lot No. 72 in Mellon's orchard plan of lots, fronting ninety-four feet on Euclid avenue, and extending 61.86 feet along Margaretta street, which

property J. H. O'Donnell conveyed to the said Homer L. Castle by deed dated             and in which property the said O'Donnell has an equitable interest, and against which property S. W. Vandersaal holds a mortgage.

"Said Homer L. Castle holds the above title as trustee or attorney for certain clients named in his contract with J. H. O'Donnell, dated April 18, 1904.

"Now it is agreed between Homer L. Castle, J. H. O'Donnell and S. W. Vandersall as follows: That said Homer L. Castle shall borrow on his mortgage and on said premises from the Fidelity Title & Trust Company of Pittsburg the sum of forty-five thousand ($45,000) dollars, for three years, at 5.4 per centum per annum, payable semi-annually, and that after deducting all expenses of procuring the loan, the said Homer L. Castle shall pay to the following named persons the following amounts in satisfaction on their liens or claims upon said property.

*       *       *       *       *       *       *       *

"Said distribution having been made, the said Castle shall convey to S. W. Vandersaal his title and interest to said premises subject to the said $45,000 mortgage; and the said Vandersaal at the time of such conveyance shall make and execute to the said Homer L. Castle a mortgage in the sum of $14,500, which is recited as a purchase money mortgage, to be disposed of as hereinafter provided.

"Said S. W. Vandersaal shall also deliver to the said Homer L. Castle a proper instrument in writing showing that he holds said premises one-half for himself and the other half for the said Homer L. Castle, or those whom he may represent as trustee.

"Said Homer L. Castle shall hold said second mortgage, and when the same can be sold, all the proceeds from said mortgage shall, after payment to S. W. Vandersaal, of $819.81 be divided equally between the said S. W. Vandersaal and the said Homer L. Castle, and go as credits upon the sums due the clients of the said Castle, and to S. W. Vandersaal.

"It is further agreed that while the said S. W. Vandersaal holds said property, all the net rents received shall be equally divided between the said Vandersaal and the said Castle, to be applied to the liquidation of their claims upon said property.

"And the said S. W. Vandersaal and the said Homer L. Castle agree that the said J. H. O'Donnell may purchase the property above described, subject to the above mortgage of $45,000 and the mortgage of $14,500 at any time within eight months from this date, upon paying to them, or each of them, all their claims, interest and expenditures on account of the said premises, less all amounts received theretofore and applied to the payment and extinguishment of their debts from any source."

*Error assigned* was decree dismissing the bill.

*Marion H. Murphy,* for appellant.—The case is ruled by Goodwin v. McMinn, 193 Pa. 646 ; Seichrist's App., 66 Pa. 237.

*Karl F. Overholt,* with him *Willis F. McCook* and *Stone & Stone,* for appellee.—If it is a mortgage, as the plaintiff alleges in his bill, it is not valid, as it was never acknowledged or recorded, and the act of June 8, 1881, makes such a writing ineffectual to reduce a deed absolute to a mortgage : Sankey v. Hawley, 118 Pa. 30 ; Lohrer v. Russell, 207 Pa. 105 ; Crotzer v. Bittenbender, 199 Pa. 504.

And this act of June 8, 1881, is binding in equity as well as in law : Fuller v. East End Homestead Loan & Trust Co., 157 Pa. 646.

There are no facts alleged or shown in plaintiff's bill from which the defendants could be found to be trustees ex maleficio : Barry v. Hill, 166 Pa. 344; Williard v. Williard, 56 Pa. 119 ; Grove v. Kase, 195 Pa. 325.

OPINION BY MR. JUSTICE BROWN, January 2, 1906 :

We assume the appellant intended to aver that he had executed and delivered to Homer L. Castle, one of the appellees, a deed for the premises described in the first paragraph of his bill, but no such material averment appears anywhere in it. In the exhibit attached to it there is an acknowledgment by Castle that O'Donnell had conveyed the lots to him by a deed, the date of which, however, is not given. In the second paragraph of the bill there is an averment that the legal title was transferred to Vandersaal, but when or by whom does not ap-

pear.   The situation, which ought to appear clearly on the face of the bill, undoubtedly is that O'Donnell conveyed to Castle, who in turn conveyed to Vandersaal, and, by the agreement of August 11, 1904, to which all three were parties, O'Donnell avers that the deed now held by Vandersaal has been reduced to a mortgage and that he is " entitled to the legal rights of a mortgagor in connection therewith. "

By the Act of June 8, 1881, P. L. 84, no defeasance to any deed for real estate, regular and absolute upon its face, shall have the effect of reducing it to a mortgage, unless the defeasance is made at the time the deed is made and is in writing, signed, sealed, acknowledged and delivered by the grantee in the deed to the grantor, and recorded in the recorder's office within sixty days from its execution.   As the date of the deed nowhere appears, we cannot tell whether the agreement was executed at the time it was made, but, even if of the same date, it was not acknowledged and recorded within sixty days from its execution.   In construing the act of 1881, we said, in Sankey v. Hawley, 118 Pa. 30 : " There is now but one method left by which a deed absolute can be reduced to a mortgage, and that method, in this case, has not been pursued.   The defeasance must not only be in writing, and of the same date as that of the deed, but it must also be 'signed, sealed, acknowledged and delivered by the grantee in the deed to the grantor ; ' furthermore, it must be recorded in the office for the recording of deeds, and mortgages in the county where the land is situated, within sixty days from the execution thereof.   If we are to give effect to this act, an act in no wise ambiguous, it is certain the defeasance offered on part of the defense was properly rejected, for it was neither sealed, acknowledged nor recorded. "   Every attempt since made to evade the act has been thwarted by a repetition of these words, and by this time it ought to be fully understood that a deed can be impeached and reduced to a mortgage only by the execution of a written defeasance bearing even date with the deed, signed, sealed, acknowledged, delivered and recorded.   The last clause in the agreement providing that O'Donnell might purchase the property from the appellees within eight months, on terms and conditions therein stated, does not help him.   This is nothing more than an option given him, and, even if a valid one that he could have ex-

ercised within eight months, there is no averment by him that he accepted it and tendered performance.

But it is contended by the appellant that if the agreement of August 11, 1904, does not have the effect of reducing his deed to a mortgage, the appellees ought to be declared trustees ex maleficio, and Goodwin v. McMinn, 193 Pa. 646, is cited in support of this. In that case the decree below, as here, was on a demurrer to the bill, but there was a distinct allegation of fraud in the procurement of the deed. The sixth paragraph of the bill set forth the specific fraud that had been practiced upon Shaw by McMinn, his grantee. In overruling the demurrer and sending the case back for hearing we said, after reciting the averments of the bill: "The allegation was that the deed was procured by fraud, in that, at the time it was given a large part of McMinn's liability had already been discharged by money then in his hands, and this unknown to Shaw." In this bill there is no averment of fraud in the procurement of the deed. There is not even an averment that the appellees have not performed their part of the written agreement of August 11, 1904. True, there is an allegation that certain promises outside of it have not been kept, but this alone would not create a trust ex maleficio. In the absence of any averment of such fraud on the part of the appellees as would make them trustees ex maleficio, the second contention of the appellant is no more tenable than his first. His remedy, if he has any on the facts averred in his bill, is not this proceeding on the equity side of the court.

Decree affirmed and appeal dismissed, with costs to appellees.